Bruce R. Ewing (BE-0724)
Sandra Edelman (SE-6853)
Marc S. Reiner (MR-6669)
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177
(212) 415-9200

Attorneys for Defendants
Fine Art Capital, LLC and
Emigrant Bank

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ART CAPITAL GROUP, LLC, and ART CAPITAL GROUP, INC.,<br><br>Plaintiffs,<br><br>-against-<br><br>FINE ART CAPITAL, LLC and EMIGRANT BANK,<br><br>Defendants. | 07 Civ. 3879 (SAS)<br><br>**ANSWER AND COUNTERCLAIM OF DEFENDANTS FINE ART CAPITAL, LLC AND EMIGRANT BANK** |

Defendants Fine Art Capital, LLC ("Fine Art") and Emigrant Bank (collectively, "Defendants"), by their attorneys, Dorsey & Whitney LLP, as and for their Answer and Counterclaim in response to the complaint (the "Complaint") filed by plaintiffs Art Capital Group, LLC and Art Capital Group, Inc. (collectively, "Plaintiffs"), allege as follows:

1. Paragraph 1 of the Complaint purports to summarize the claims described therein. In response, Defendants refer to the claims themselves for their contents and refer to Defendants' answer to those claims as stated herein.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit that Fine Art claims to be a part of Emigrant Bank and that it is a subsidiary of Emigrant Bank, and denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit that the trademark ART CAPITAL GROUP is currently registered upon the Principal Register of the United States Patent and Trademark Office under Registration No. 3,190,377, with a registration date of January 2, 2007, and respectfully refers the Court to that registration for its contents and scope, and denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit that Exhibit B appears to be a copy of certain pages from the website found at www.artcapitalgroup.com, and deny knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Defendants admit that Exhibit C appears to be a copy of a Copyright Registration Certificate TX 6-543-372 , dated April 27, 2007, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, Defendants deny that they are using the ART CAPITAL trademark and that any authority for their actions is needed.

21. Defendants admit that Fine Art maintains a website that may be accessed through the domain name www.fineartcapital.com, admits that the domain name was registered on or around November 23, 2002, and denies the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendants admit that Exhibit D appears to be a copy of the home page of Fine Art Capital's website and deny the remaining allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, Defendants deny that they are using the Art Capital website and that any authority for their actions is needed.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants admit that Exhibit E of the Complaint appears to be a copy of an advertisement originating from Fine Art, respectfully refer the Court to the advertisement for the contents thereof, and deny the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendants admit that Emigrant Bank traces its roots to 1850 and that Fine Art has been in business for several years, and deny the remaining allegations contained in paragraph 27 of the Complaint.

28. Defendants admit that Plaintiffs sent correspondence dated February 23, 2007 via certified mail to Andrew Augenblick, president of Fine Art, and respectfully refer the Court to that document for the contents thereof.

29. Defendants admit that counsel for Fine Art sent correspondence to counsel for Plaintiffs dated March 9, 2007, respectfully refer the Court to that document for the contents thereof, and deny the remaining allegations contained in paragraph 29 of the Complaint.

30. In response to the allegations contained in paragraph 30 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 29 herein.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     In response to the allegations contained in paragraph 38 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 37 herein.

39.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     In response to the allegations contained in paragraph 51 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 50 herein.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. In response to the allegations contained in paragraph 58 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 57 herein.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny that any authority for their actions is needed and deny the remaining allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. In response to the allegations contained in paragraph 65 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 64 herein.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. In response to the allegations contained in paragraph 70 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 69 herein.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. In response to the allegations contained in paragraph 76 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 75 herein.

77. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. In response to the allegations contained in paragraph 86 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 85 herein.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief sought by Plaintiffs is barred by the doctrines of laches, waiver, acquiescence, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

The material allegedly copied by Defendants in this action consists of material that is neither original to Plaintiffs nor copyrightable subject matter.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' trademark registration is invalid because the trademark ART CAPITAL GROUP has not become distinctive of Plaintiffs' goods in commerce.

### COUNTERCLAIM

Counterclaimants Fine Art Capital, LLC ("Fine Art") and Emigrant Bank, for their Counterclaim against counterclaim-defendant Art Capital Group, Inc., state and allege as follows:

1. Counterclaimant Fine Art is a limited liability company duly organized under the laws of the State of Delaware, with offices at 6 East 43rd Street, New York, New York 10017.

2. Counterclaimant Emigrant Bank is a savings institution duly organized under the laws of the State of New York, with offices at 5 East 42nd Street, New York, New York 10017.

3. Counterclaim-defendant Art Capital Group, Inc. ("Art Capital Group") is a corporation duly organized under the laws of the State of Delaware, with offices at 980 Madison Avenue, New York, New York 10021.

4. Art Capital Group, along with Art Capital Group, LLC, has sued Fine Art and Emigrant Bank in this District, alleging that Fine Art and Emigrant Bank have infringed the

purported ART CAPITAL GROUP mark, registered with the United States Patent and Trademark Office (the "PTO") as Registration No. 3,190,377.

5. This Court has subject matter jurisdiction over this Counterclaim pursuant to 15 U.S.C. § 1119, and venue is proper under 28 U.S.C. §§ 1391 and 1400.

6. On April 10, 2001, Art Capital Group filed an application with the PTO to register the ART CAPITAL GROUP mark (the "Application").

7. On June 25, 2001, the PTO issued an office action, rejecting the Application on the grounds, *inter alia*, that the ART CAPITAL GROUP mark is merely descriptive of the services of Art Capital Group pursuant to Section 2(e)(1) of the Lanham Act, 15 U.S.C. § 1052(e)(1).

8. On December 18, 2001, Art Capital Group filed a response to the office action issued on June 25, 2001, contending that the mark is not merely descriptive.

9. The PTO's consideration of the Application was suspended by office action on April 23, 2002. On July 8, 2005, the PTO issued an office action that resumed prosecution of the Application and again refused registration pursuant to Section 2(e)(1) of the Lanham Act.

10. On January 11, 2006, Art Capital Group filed a response to the July 8, 2005 office action in which it, *inter alia*, argued that the ART CAPITAL GROUP mark is not merely descriptive.

11. On February 8, 2006, the PTO issued a final refusal of the Application on the grounds that the ART CAPITAL GROUP mark is merely descriptive of the services of Art Capital Group.

12. On August 3, 2006, Art Capital Group filed a declaration with the PTO pursuant to Section 2(f) of the Lanham Act, 15 U.S.C. § 1052, in which Art Capital Group stated that the

ART CAPITAL GROUP mark had "become distinctive of the services through the applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date" of the declaration.

13.    Art Capital Group also accompanied the declaration with a disclaimer statement that "No claim is made to the exclusive right to use CAPITAL GROUP apart from the mark as shown."

14.    The Application subsequently matured into Registration No. 3,190,377 on January 2, 2007 (the "Registration").

15.    Contrary to the assertions contained in the declaration filed on August 3, 2006, ART CAPITAL GROUP mark had not become, and is not now, distinctive of Art Capital Group's services.

16.    The registration of the ART CAPITAL GROUP mark issued by the PTO covers, among other services, "Retail store and on-line retail store services featuring art catalogs, posters, and souvenirs offered in connection with art exhibits" in Class 35 ("Retail Services").

17.    Upon information and belief, Art Capital Group is not now using, and may not have in the past used, the ART CAPITAL GROUP mark in connection with Retail Services, as set forth in the Registration.

18.    Fine Art and Emigrant Bank reserve the right to amend their Counterclaim to assert additional grounds of invalidity, if warranted by further investigation and discovery.

WHEREFORE, Defendants pray for a judgment:

1.    Dismissing the Complaint herein;

2.    Ordering the Director of the United States Patent and Trademark Office to cancel Trademark Registration No. 3,190,377;

3. Awarding Defendants their costs, disbursements and reasonable attorneys' fees incurred in this action; and

4. Granting Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York  
June 18, 2007

DORSEY & WHITNEY LLP

By: /s/ BRUCE R. EWING  
Bruce R. Ewing (BE-0724)  
Sandra Edelman (SE-6853)  
Marc S. Reiner (MR-6669)  
250 Park Avenue  
New York, NY 10177  
(212) 415-9200

Attorneys for Defendants  
Fine Art Capital, LLC and Emigrant Bank