Edward F. Maluf (EF 6884)
Eugenie M. Cesar-Fabian (EF 1104)
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York  10022
Telephone:  (212) 705-7987

*Attorneys for Plaintiffs and
Counterclaim-Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ART CAPITAL GROUP, LLC and ART CAPITAL GROUP, INC.,**<br><br>        **Plaintiffs,**<br><br>        -against-<br><br>**FINE ART CAPITAL, LLC and EMIGRANT BANK,**<br><br>        **Defendants,**<br><br>        and<br><br>**FINE ART CAPITAL, LLC and EMIGRANT BANK,**<br><br>        **Defendants/Counterclaim-Plaintiffs,**<br><br>        -against-<br><br>**ART CAPITAL GROUP, INC.,**<br><br>        **Plaintiff/Counterclaim-Defendant.** | 07 CV 3879 (SAS)<br><br><br><br><br><br>**REPLY TO<br>COUNTERCLAIM** |

Plaintiff/Counterclaim-Defendant Art Capital Group, Inc. ("Art Capital"), by its undersigned attorneys, for its Reply to the Counterclaim of Fine Art Capital, LLC and Emigrant Bank, ("Defendants/Counterclaim-Plaintiffs") states as follows:

A/72106693.1

## AS AND FOR THE COUNTERCLAIM

1.     Art Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Counterclaim.

2.     Art Capital denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Counterclaim.

3.     Art Capital admits the allegations set forth in Paragraph 3 of the Counterclaim.

4.     Art Capital denies the allegations set forth in Paragraph 4 of the Counterclaim, except admits that Art Capital Group, Inc. and Art Capital Group, LLC filed the above-captioned action against Fine Art Capital, LLC and Emigrant Bank alleging that they infringed upon the ART CAPITAL GROUP® mark, which is registered with the United States Patent and Trademark Office ("PTO") as United States Registration No. 3190377.

5.     Art Capital admits the allegations set forth in Paragraph 5 of the Counterclaim.

6.     Art Capital admits the allegations set forth in Paragraph 6 of the Counterclaim.

7.     Art Capital denies the allegations set forth in Paragraph 7 of the Counterclaim, except admits that on June 25, 2001 the PTO issued an office action, and respectfully refers the Court to that document for its complete and accurate contents.

8. Art Capital denies the allegations set forth in Paragraph 8 of the Counterclaim, except admits that on December 18, 2001, Art Capital filed a response to the PTO office action issued on June 25, 2001, and respectfully refers the Court to that document for its complete and accurate contents.

9. Art Capital denies the allegations set forth in Paragraph 9 of the Counterclaim, except admits that the PTO mailed a notice on April 23, 2002, also admits that the PTO issued an office action on July 8, 2005, and respectfully refers the Court to those documents for their complete and accurate contents.

10. Art Capital denies the allegations set forth in Paragraph 10 of the Counterclaim, except admits that on January 11, 2006, Art Capital filed a response to the July 8, 2005 office action, and respectfully refers the Court to that document for its complete and accurate contents.

11. Art Capital denies the allegations set forth in Paragraph 11 of the Counterclaim, except admits that on February 8, 2006, the PTO issued an office action, and respectfully refers the Court to that document for its complete and accurate contents.

12. Art Capital denies the allegations set forth in Paragraph 12 of the Counterclaim, except admits that on August 3, 2006, Art Capital filed a declaration with the PTO pursuant to Section 2(f) of the Lanham Act, 15 U.S.C. § 1052, and respectfully refers the Court to that document for its complete and accurate contents.

13. Art Capital denies the allegations set forth in Paragraph 13 of the Counterclaim, except admits that on August 3, 2006, Art Capital filed a declaration with the PTO

pursuant to Section 2(f) of the Lanham Act, 15 U.S.C. § 1052, and respectfully refers the Court to that document for its complete and accurate contents.

14.    Art Capital denies the allegations set forth in Paragraph 14 of the Counterclaim, except admits that on January 2, 2007, the PTO issued a registration for the ART CAPITAL GROUP trademark, numbered United States Registration No. 3190377.

15.    Art Capital denies the allegations set forth in Paragraph 15 of the Counterclaim.

16.    Art Capital denies the allegations set forth in Paragraph 16 of the Counterclaim, except admits that the ART CAPITAL GROUP® trademark registration identifies services covered thereby, and respectfully refers the Court to that document for its complete and accurate contents.

17.    Art Capital denies the allegations set forth in Paragraph 17 of the Counterclaim.

18.    The allegations set forth at Paragraph 18 purport to draw a legal conclusion to which no reply is required.

## FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The ART CAPITAL GROUP® trademark was duly and lawfully issued by the United States Patent and Trademark Office prior to the commencement of this action.  The

lawful and enforceable registration of this trademark remains in full force and effect, notwithstanding Counterclaim-Plaintiffs' allegations addressing discussions held prior to its issuance.

Dated: New York, New York.
      July 25, 2007

BINGHAM McCUTCHEN LLP

By: /s/ Edward F. Maluf
    Edward F. Maluf (EM 6884)
    Eugenie M. Cesar-Fabian (EC 1104)
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000

*Attorneys for Plaintiffs and Counterclaim-Defendant*