Settledm/5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ART CAPITAL GROUP, LLC and ART
CAPITAL GROUP, INC.,

             Plaintiffs,

      - against -

FINE ART CAPITAL, LLC and
EMIGRANT BANK,

             Defendants.
------------------------------------------------------------X

07 Civ. 3879 (SAS)



**STIPULATED PROTECTIVE ORDER**

    Plaintiffs, Art Capital Group, LLC and Art Capital Group, Inc. and Defendants, Fine Art Capital, LLC and Emigrant Bank, hereby stipulate and agree as follows pursuant to Fed. R. Civ. P. 26(c).

    1.    Any party or nonparty may designate as "CONFIDENTIAL" any documents or other information containing proprietary, non-public business information that, if disclosed publicly, would place the party or non-party at risk of competitive injury. The "CONFIDENTIAL" designation may be applied to documents, answers to interrogatories or requests to admit, as well as deposition transcripts. All materials to which a party or nonparty has applied the "CONFIDENTIAL" designation shall hereafter be referred to as "Confidential Material." This Protective Order shall apply to all Confidential Material so designated whether produced informally or in response to formal discovery requests, subpoenas or at deposition.

    2.    Any party or nonparty producing or filing a document or thing in this proceeding may designate it at the time of its production as "Confidential Material" by typing or stamping on its face (without obscuring or defacing the material) "Confidential," "Confidential Subject to

Protective Order" or words of similar import. The parties agree to exercise good faith in evaluating whether materials should be designated as "Confidential Material" pursuant to this Protective Order.

3. Subject to the terms of this Protective Order, any Confidential Material shall be used by the persons to whom it is disclosed solely for preparation for trial, at the trial of this action, and at any appellate proceedings concerning this action; it shall not be used by such persons for any other purpose, including but not limited to any commercial purpose, unless such purpose is authorized in writing by the party or nonparty who furnished it.

4. Confidential Material may only be disclosed to the following persons and subject to the following conditions:

(a) Legal counsel to the parties, their successors and their respective partners, associates, law clerks and legal assistants who are participating in or providing services for the prosecution or defense of this matter;

(b) Officers of the parties, as well as those current employees of the parties to whom access to Confidential Material is required in order to enable a party to prepare for trial, to try this action, or to engage in appellate proceedings herein;

(c) Independent experts and consultants employed, consulted or retained by the parties or the parties' counsel to perform investigative work, research, analysis, expert testimony and other services specifically related to the prosecution, defense or settlement of this action;

(d) Court reporters and their support personnel for purposes of preparing deposition or trial transcripts;

(e) Any deposition deponent for purposes of a deposition held in connection with this proceeding, where Confidential Material is relevant to a subject matter of which the deponent would be likely to have knowledge;

(f) The author(s), sender(s), addressee(s) and copy recipient(s) of Confidential Material;

(g) The Court, its staff, support personnel and any jury that is empanelled to resolve this proceeding;

2

(h)    Any settlement conference officer or mediator to whom disclosure of Confidential Material is permitted by the parties in writing; and

(i)    Witnesses called to testify at trial, but only for purposes of such trial testimony.

5.    To the extent any Confidential Material is filed with the Court, whether as an exhibit to a submission or referenced within a submission, the submission and any envelope in which it is contained shall prominently bear the legend: "CONFIDENTIAL PURSUANT TO STIPULATED PROTECTIVE ORDER – TO BE FILED UNDER SEAL." Any such submission shall be treated by the Court as having been filed under seal thereafter.

6.    To the extent any deposition taken in this action concerns Confidential Material, any party or nonparty may designate a portion of the transcript of such deposition as Confidential Material either by requesting such a designation while the deposition is in progress, or by providing counsel for all other parties with specific designations of the pages and lines in the transcript that the designating party considers to be Confidential Material within fourteen (14) calendar days of the designating party's receipt of a copy of the deposition transcript. All deposition transcripts shall be deemed to be Confidential Material in their entireties until the expiration of fourteen (14) calendar days from any party's receipt of a copy of such transcripts.

7.    Before disclosing Confidential Material to any persons referenced in paragraphs 4(b), (c), (e) and (i) counsel shall provide a copy of this Protective Order to such persons, shall advise them that they are governed by its provisions, and shall instruct them not to use Confidential Material in any manner contrary to the terms of this Protective Order. Further with respect to the persons referenced in paragraph 4(c), Counsel shall cause each such person(s) to execute a copy of an "Agreement to be Bound by Protective Order," the form of which is attached hereto as Exhibit "A."

8. To the extent any party or nonparty reasonably believes Confidential Material that it intends to produce is of such a sensitive and proprietary nature that disclosure should not be permitted to the persons described in paragraph 4(b), and such Confidential Material cannot be redacted or otherwise shielded from disclosure, that party or nonparty shall be permitted to stamp upon such Confidential Material the words "Confidential Counsel Only," or words of similar import, and thereby bar disclosure of such Confidential Material to the persons identified in paragraph 4(b). This paragraph shall apply only to non-public (a) financial information; (b) identification of potential or actual customers; (c) cost, pricing and/or interest rate information of a party or non-party; (d) business strategies and plans of the parties; and (e) underwriting processes, procedures and methodologies.

9. If any party disagrees with respect to the designation of any documents or materials as Confidential Material, in whole or in part, it shall notify the Designating Party of its disagreement in writing, and the Designating Party and the objector(s) will thereupon confer as to the status of the subject information within three (3) business days (or such other time as the parties may agree upon) after the Designating Party receives the written notification. If prior to, or at the time of such a conference, the Designating Party withdraws its designation of such information as being subject to this Order, the Designating Party shall express the withdrawal in writing. If the objector and Designating Party are unable to agree upon the status of the documents or materials designated as Confidential Material, at the time of the conference, the objector may, within three (3) business days (or such other time as the parties may agree upon) after the conference, file with the Court a motion for an order that the documents or materials shall not be subject to this Protective Order. If such a motion is filed, the documents and

4

materials at issue shall continue to be treated as Confidential Material pending resolution of the issue by this Court. In the event of such a disagreement, the objector will have the burden of pursuing any relief desired, but the Designating Party shall bear the burden of justifying the appropriateness of and/or need for the designation.

10. This Protective Order shall be without prejudice to the rights of the parties to apply to the Court for additional, different or removal of protection if they deem it necessary to do so. The terms of this Protective Order shall not affect the right of any person to seek and secure greater protection for particularly sensitive Confidential Material or to seek whatever further relief is available under the Federal Rules of Civil Procedure.

11. This Protective Order shall continue in full force and effect with respect to all Confidential Material, whether or not offered into evidence at trial, until another order modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court. At the conclusion of this action (including any appeals), all such Confidential Material, with the exception of trial transcripts and trial exhibits, shall be destroyed and no party, expert, consultant or any other person or entity to whom such Confidential Material was produced shall retain any copies or any such Confidential Material. The destruction of all Confidential Material shall be certified under oath by counsel for the parties and their officers.

12. This Protective Order is without prejudice to the right of any party or nonparty to object to the discovery, production and/or admissibility of any Confidential Material, document or evidence on grounds other than confidentiality or to bring before the Court at any time the question of whether any particular Confidential Material is or is not relevant to any issues in, or to the subject matter of, this action, and such right is hereby expressly reserved. The designation

of Confidential Material pursuant to this Protective Order shall not be construed as an admission of the relevance of such Confidential Material in the litigation.

13. Nothing contained herein shall prevent any party or nonparty from using or disclosing its own Confidential Material without having to comply with the terms of this Protective Order. The Court shall retain jurisdiction to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem necessary or appropriate. This Protective Order may be amended without leave of Court by the agreement of counsel for the parties in the form of a Protective Order that shall be filed with the Court.

14. This Protective Order shall not apply to any documents, information or other materials that are generally publicly available, were already known to the receiving party before disclosure in this action, learned by the receiving party without breaching any obligation to the disclosing party, or developed independently by the receiving party.

15. Notwithstanding whether this Protective Order becomes an order of the Court, or is modified by the Court, the Parties hereto agree to be bound by the terms of the Protective Order until such time as it is superseded by Order of the Court.

16. This Protective Order and the embodied agreements shall survive the termination of this action and continue in full force and effect.

Dated: September 11, 2007

BINGHAM McCUTCHEN LLP

By: /s/ Edward F. Maluf
Edward F. Maluf
Eugenie M. Cesar-Fabian
399 Park Avenue
New York, New York 10022
(212) 705-7000

Attorneys for Plaintiffs
Art Capital Group, LLC and
Art Capital Group, Inc.

DORSEY & WHITNEY LLP

By: /s/ Sandra Edelman
Bruce R. Ewing
Sandra Edelman
Gianfranco G. Mitrione
250 Park Avenue
New York, New York 10177
(212) 415-9200

Attorneys for Defendants
Fine Art Capital, LLC and
Emigrant Bank

SO ORDERED:

/s/
U.S.D.J.

9/17/07

7

## EXHIBIT A

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Protective Order in the action entitled *Art Capital Group, LLC et al. v. Fine Art Capital, LLC, et al.*, Case No. 07 Civ. 3879 (SAS) pending in the United States District Court for the Southern District of New York, understands the terms thereof, and agrees to be bound by such terms.

Dated: _____        By: _____

                                                                      Name: _____